```
         IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                    EASTERN DIVISION
```

JOHNNY L. BUTLER                                          PETITIONER

vs.              Civil Case No. 2:07CV00041 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas
(originally sued as T.C. Outlaw)                          RESPONDENT

                      MEMORANDUM AND ORDER

Now before the court is Petitioner's Motion for Summary Judgment (DE #16). Petitioner was arrested on state charges in the State of Florida on September 9, 1990. Federal officials filed a detainer against him due to pending federal drug charges. No bond was set for him because of the detainer. He was convicted on the state charges on January 19, 1991. Before being sentenced on those convictions, he was released temporarily to federal authorities, who transported him to the Western District of Tennessee to answer the federal charges. He was sentenced on the federal charges on October 24, 1991, to 262 months imprisonment.

Petitioner was returned to Florida in December of 1991. He was sentenced on his previous convictions to four and one-half years imprisonment, to be served consecutive to the federal sentence. On April 1, 1992, he was transferred to federal custody to begin serving his federal sentence at the federal penitentiary

in Atlanta, Georgia.  He is now serving his federal sentence at F.C.I. Forrest City, Arkansas.  He requests the court to direct the Bureau of Prisons (BOP)[1] to credit his federal sentence with 470 days--the time he spent in the county jail from his arrest on September 10, 1990, in Florida until his transfer to the federal authorities on February 17, 1991, and the time he spent in federal custody from February 17, 1991, until December of 1991.

Respondent has submitted the affidavit of Mr. Richard Meier, Acting Operations Manager of the Designation and Sentence Computation Center, who states Petitioner is scheduled to be released, with good conduct credit, on December 27, 2010.  Mr. Meier attests that Petitioner was taken into physical custody by federal authorities in January of 1991 pursuant to a writ of habeas corpus ad prosequendum, but that he remained in the primary custody of the State of Florida, and that, when the writ was satisfied and he was convicted and sentenced on the federal charges, he was returned to Florida.  He further attests the State of Florida credited his state sentence with the 470 days at issue.  Respondent has also submitted a copy of Petitioner's state court Judgment and Commitment, which reflects he received credit for the 470 days at

---

[1] Under 18 U.S.C. § 3585(b), the Attorney General, acting through the Bureau of Prisons, makes the calculations "as an administrative matter when imprisoning the defendant." United States v. Wilson, 503 U.S. 329, 334-35 (1992).

issue on his state sentence.  Attachment #3 to Meier's Affidavit, p. 4.

"A writ of habeas corpus <u>ad</u> <u>prosequendum</u> is a writ which issues when it is necessary to remove a prisoner in order to prosecute in the proper jurisdiction wherein the crime was committed." <u>Munz v. Michael</u>, 28 F.3d 795, 798 n. 3 (8th Cir.1994) (internal quotation and citation omitted).  It does not alter a prisoner's custody status, but merely changes the location of custody.  <u>Id.</u>, at 798.

In 1984, Congress enacted 18 U.S.C. § 3585(b), which provides as follows:

> § 3585. Calculation of a term of imprisonment
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u>

(Emphasis added).

Petitioner does not dispute that the State of Florida has given him credit for the 470 days.  He relies on cases decided

3

before the enactment of the statute.  The language of the statute, however, prohibits an inmate from receiving credit for time that has been credited against another sentence.  Petitioner would receive double credit were he to prevail here.  See United States v. Kramer, 12 F.3d 130, 132 (8th Cir.1993) (double-counting would contravene § 3585(b)'s proscription), cert. denied, 511 U.S. 1059 (1994).  The Attorney General is prohibited by this statute from crediting the time as requested by Petitioner, and Petitioner is not entitled to relief.

IT IS THEREFORE ORDERED that Petitioner's Motion for Summary Judgment (DE #16) be, and it is hereby, denied.  Judgment will be entered for Respondent.

SO ORDERED this 28th day of July, 2008.


_____
United States Magistrate Judge